THERIOT, J.
The appellees, Chris and Amy Markerson, were awarded attorney fees in the amount of $90,823.00 in conjunction with a judgment in the Twenty-third Judicial District Court that found the appellants, Composite Architectural Design Systems, LLC (CAD) and 2Long, LLC (2Long), had violated the Louisiana Unfair Trade Practices Act (LUTPA), pursuant to La. R.S. 51:1409(A).[1] In a separate appeal, *1223 Chris Markerson, Jr. and Amy Markerson v. Composite Architectural Design Systems, LLC, et al., 2017-1252 (La. App. 1 Cir. 7/10/18), 255 So.3d 1065, the appellants challenged the trial court's judgment on the LUTPA violation along with other issues. In that appeal, this Court reversed the trial court on the LUTPA claim only, affirming the judgment in all other respects.
The appellants filed the instant appeal with respect to the attorney fees subsequently awarded to the appellees pursuant to La. R.S. 51:1409(A). Based on our decision in the related appeal, we issue this memorandum opinion pursuant to Rule 2-16.1(B) of the Uniform Rules for Courts of Appeal.
In the related appeal, we followed the holding of Cheramie Services, Inc. v. Shell Deepwater Production, Inc., 2009-1633 (La. 4/23/10), 35 So.3d 1053, to find that although the Markersons had a right of action to file a LUTPA claim against the appellants, they had failed to prove the necessary element of ascertainable loss to uphold the claim. See Markerson, 2017-1252 at pp. 10-12. Without a violation of LUTPA, the Markersons are not entitled to attorney fees, and the assertions by the appellants in the instant appeal over the reasonableness of the attorney fees are now moot. Therefore, we vacate the trial court's judgment awarding the Markersons attorney fees and costs under La. R.S. 51:1409(A). All costs of this appeal are assessed equally between the parties.
JUDGMENT ORDERING ATTORNEY FEES VACATED.

Louisiana Revised Statutes 51:1409(A) states:
A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.